IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SEAN C. PULLIAM                                                                                    PLAINTIFF

V.                                                         CIVIL ACTION NO. 1:15-CV-137-SA-DAS

HUGH E. BROWN, and
HAROLD GWATNEY CHEVROLET CO.                                                  DEFENDANTS

ORDER

This matter comes before the Court on the motion of Defendant Hugh E. Brown. This case arises out of an automobile accident that occurred in Pontotoc County, Mississippi on November 8, 2012. In the instant Motion [7], Defendant Brown requests that this federal case be stayed pending the outcome of a related action in the Circuit Court of Pontotoc County, Mississippi, or in the alternative for additional time to respond to the complaint. The other parties in this action have not responded to this motion, and the allotted time for doing so has expired. L. U. CIV. R. 7(b)(4).

The circumstances in which a district court may abstain from exercising jurisdiction over a case when a related action is pending in state court are narrow. *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 813, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1982). Under the *Colorado River* doctrine, a court may abstain from a case that is part of "parallel, duplicative litigation under 'exceptional circumstances'." *Saucier v. Aviva Life & Annuity Co.*, 701 F.3d 458, 462 (5th Cir. 2012) (quoting *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002); *see Colorado River*, 424 U.S. at 813, 96 S. Ct. 1236. When one case is pending in state court and the other in federal court, "only the clearest of

justifications" will warrant a stay. *Id*; s*ee also Moses H. Cone,* 460 U.S. at 28, 103 S. Ct. 927. Further, the Fifth Circuit has identified "parallel actions" as those "involving the same parties and the same issues." *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014) (citing *Exxon Corp. v. St. Paul Fire & Marine Ins. Co.*, 129 F.3d 781, 785 (5th Cir. 1997); *Republic Bank Dallas Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987); *PPG Indus., Inc. v. Cont'l Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973)).

In support of his motion to stay, Defendant Brown maintains that there is a related action pending in state court that arose out of the same accident, and involves the same defendants, but was brought by a different plaintiff. According to Brown there is also a third-party complaint pending in the state court case that should be resolved prior to the prosecution of this federal action.[1] Because the related state court action involves different parties, this federal case is not a parallel action for abstention purposes.[2] *Id*.

With no clear justification to support a stay, the court finds that the instant case does not fall within the narrow parameters for abstention articulated by the Supreme Court and adopted by the Fifth Circuit. *Colorado River*, 424 U.S. at 819, 96 S. Ct. 1236; *Moses H. Cone*, 460 U.S. at 28, 103 S. Ct. 927; *Saucier*, 701 F.3d at 462.

For these reasons, the Defendant's motion to stay is DENIED.

---

[1] Brown does not articulate the party, basis, or subject matter of the third-party complaint in his motion.

[2] When pending state and federal cases are "sufficiently parallel," courts apply six factors to determine whether "exceptional circumstances" exist. *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 892 (5th Cir. 2013) (citing *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 395 (5th Cir. 2006)). Even if the relevant state and federal cases were "sufficiently parallel," Brown has simply not brought sufficient information before the Court for a substantive application of the factors from *Biles*. *Id*. Brown does not articulate any facts or arguments in his motion to assist the Court in the application of the factors, nor does he cite to any federal authority in support of his request to stay this federal action. Brown cites two Mississippi Supreme Court cases in support of his assertion that a decision to stay the proceedings pending the outcome of a separate action is within the discretion of the court. These cases are not relevant to the analysis of federal jurisdiction. Further, under the relevant federal authorities the application of particular abstention doctrines is not discretionary. *See id*.

The Defendant's alternative motion for additional time to respond to the Plaintiff's complaint is GRANTED. A response must be filed by November 30, 2015.

**SO ORDERED this the 10th day of November, 2015.**

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**