IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SEAN C. PULLIAM                                                                                  PLAINTIFF

V.                                                              CIVIL ACTION NO. 1:15-CV-137-SA-DAS

HUGH E. BROWN and
HAROLD GWATNEY CHEVROLET CO.                                                  DEFENDANTS

ORDER

This matter comes before the Court on the motions of Defendant Hugh E. Brown. This case arises out of an automobile accident that occurred in Pontotoc County, Mississippi on November 8, 2012. On November 10, 2015 this Court entered an Order [14] denying a Motion to Stay [7] by Defendant Brown. Brown has now filed a Motion for Reconsideration [20][1] of that decision. Defendant Brown also filed a motion to dismiss for lack of personal jurisdiction [23]. Both motions are ripe and will be handled here.

*Motions for Reconsideration*

This Court denied Brown's original motion to stay finding that Brown failed to articulate a clear justification to support a stay, and that the case did not fall within the narrow parameters for abstention articulated by the Supreme Court and adopted by the Fifth Circuit. *See Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 813, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1982); *Saucier v. Aviva Life & Annuity Co.*, 701 F.3d 458, 462 (5th Cir. 2012).

In the instant motions, Brown reiterates his argument that this federal case should be stayed pending the outcome of a declaratory judgment action and other cases now pending in

---

[1] Brown also filed an Amended Motion for Reconsideration [26] with additional and revised arguments. The Court will consider both motions together.

state court.[2] Brown also argues that the state court declaratory judgment action will be resolved shortly, and that staying this federal case would avoid various issues of duplicative discovery, inconsistent results, scheduling, and piecemeal litigation.

The Court's decision to deny a stay in this case turned on the threshold finding that the parties to this federal case are not the same as the parties in the related state court actions. Therefore, this federal case is not a parallel action for abstention purposes. *See African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 797 (5th Cir. 2014) (citing *Exxon Corp. v. St. Paul Fire & Marine Ins. Co.*, 129 F.3d 781, 785 (5th Cir. 1997); *Republic Bank Dallas Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987); *PPG Indus., Inc. v. Cont'l Oil Co.*, 478 F.2d 674, 682 (5th Cir. 1973)). Brown wholly ignores this finding in his motions for reconsideration.

The circumstances in which a district court may abstain from exercising jurisdiction over a case when a related action is pending in state court are narrow. *Colorado River*, 424 U.S. at 813, 96 S. Ct. 1236; *Moses H. Cone*, 460 U.S. at 28, 103 S. Ct. 927. Under the *Colorado River* doctrine, a court may abstain from a case that is part of "parallel, duplicative litigation under 'exceptional circumstances'." *Saucier*, 701 F.3d at 462 (quoting *Kelly Inv., Inc. v. Continental Common Corp.*, 315 F.3d 494, 497 (5th Cir. 2002); *see Colorado River*, 424 U.S. at 813, 96 S. Ct. 1236. When one case is pending in state court and the other in federal court, "only the clearest of justifications" will warrant a stay. *Id*, s*ee also Moses H. Cone,* 460 U.S. at 28, 103 S. Ct. 927. Further, the Fifth Circuit has identified "parallel actions" as those "involving the same

---

[2] Brown incorrectly asserts in his primary motion for reconsideration [20] that there is a related federal declaratory judgment action pending in this Court. (*Brown et al v. Universal Underwriters of Texas Insurance Company*, Case No: 3:14-cv-00169-SA-SAA) That case was dismissed by agreed order on January 8, 2015. After this fact was pointed out by the Plaintiff in his response, Brown filed an amended motion that retracts the specific reference to the above closed case, yet continues to reference a "declaratory judgment action pending as a third-party claim in federal court."

parties and the same issues." *African Methodist*, 756 F.3d at 797 (citing *St. Paul*, 129 F.3d at 785; *McIntosh*, 828 F.2d at 1121; *PPG*, 478 F.2d at 682).

In the instant motion, Brown argues that abstention in this case would avoid piecemeal litigation. In the abstention context, the term piecemeal litigation refers to a situation where "parallel lawsuits "pose[ ] a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel." *Saucier*, 701 F.3d at 464 (quoting *Woodford v. Cmty. Action Agency of Greene County, Inc.*, 239 F.3d 517, 524 (2d Cir. 2001)). "The classic example arises where all of the potentially liable defendants are parties in one lawsuit, but in the other lawsuit, one defendant seeks a declaration of non-liability and the other potentially liable defendants are not parties." *Id*. In other words, if the state court action is "able to resolve *all* of the claims involved in a dispute with respect to *all* of the parties involved while the federal court action is able to resolve the dispute *only partially*, this would weigh in favor of abstention." *Id* (emphasis added).

In the instant case, the Plaintiff is not a party to the state court actions Brown claims are related. Therefore, the resolution of those cases will not provide any resolution for this particular Plaintiff. Furthermore, even when the above-described parallel case litigation exists, abstention is not compulsory. The existence of parallel cases "*weigh[s]* in favor of abstention." *Id* (emphasis added).

Finally, Brown argues that he is not requesting that this Court decline jurisdiction, or abstain from hearing the Plaintiff's claim, only that this Court stay the matter. Defendant Brown misapprehends the very nature of his request. Under clearly established Supreme Court precedent, by granting a stay in deference to pending state court litigation, a district court declines to exercise jurisdiction. *See Moses H. Cone*, 460 U.S. at 2, 103 S. Ct. 927 (citing

*Colorado River*, 424 U.S. at 818, 96 S. Ct. 1236) (holding that a federal district court may *decline to exercise its jurisdiction* because of parallel state-court litigation only in exceptional circumstances; only the clearest of justifications will warrant dismissal) (emphasis added).

As stated above, the related state court actions that Brown claims should weigh in favor of a stay in this federal case involve different parties, are not parallel, and their outcome will have no impact on the merits of this case. *Id*.

With no clear justification to support a stay, the Court again finds that the instant case does not fall within the narrow parameters for abstention articulated by the Supreme Court and adopted by the Fifth Circuit. *See Colorado River*, 424 U.S. at 819, 96 S. Ct. 1236; *Moses H. Cone*, 460 U.S. at 28, 103 S. Ct. 927; *Saucier*, 701 F.3d at 462. Defendant Brown's Motions for Reconsideration [20, 26] are denied.

*Motion to Dismiss for Lack of Personal Jurisdiction*

Defendant Brown also filed a motion to dismiss for lack of personal jurisdiction. In his motion Brown argues that the Plaintiff's amended complaint [19] invokes the jurisdiction of this Court under the *doing business* prong of Mississippi's long arm statute, but fails to sufficiently allege a basis for this Court's personal jurisdiction over him under that prong. *See* MISS. CODE. ANN. §13-3-57. The Plaintiff responds by asserting that this court has personal jurisdiction over Brown under the *tort* prong of Mississippi's long-arm statute. *See id*. Notably, Brown does not argue that this court does not have personal jurisdiction under the tort prong, he only argues that the Plaintiff invokes under the doing business prong, but fails to sufficiently allege a factual basis of support under that prong.

A federal district court sitting in diversity may exercise personal jurisdiction over a foreign defendant "if the long-arm statute of the forum state creates personal jurisdiction over the

defendant; and the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution."[3] *Bailey v. Stanford*, No. 3:11-CV-00040, 2012 WL 569020, at *4 (N.D. Miss. Feb. 21, 2012) (citing *Gundle Lining Const. Corp. v. Adams Cty. Asphalt, Inc.*, 85 F.3d 201, 204 (5th Cir. 1996)).

> Under Mississippi's long arm statute, personal jurisdiction is present when:
>
>> Any nonresident person, [ . . .] who shall make a *contract* with a resident of this state [. . .], or who shall commit a *tort* in whole or in part in this state against a resident [. . .] shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

MISS. CODE ANN. § 13-3-57 (emphasis added).

The Mississippi Supreme Court has held that "personal jurisdiction over a nonresident defendant who allegedly committed a tort is proper if any of the elements of the tort—or any part of an element—takes place in Mississippi." *Lofton v. Turbine Design, Inc.*, 100 F. Supp. 2d 404, 408 (N.D. Miss. 2000) (citing *Smith v. Temco*, 252 So. 2d 212, 216 (Miss. 1971)).[4]

Because this case arises out of an automobile accident that occurred in Mississippi, and because personal jurisdiction over Brown under the tort prong of the long-arm statute is not disputed, this Court is satisfied that it has personal jurisdiction in this Case.[5] The only question is whether jurisdiction is sufficiently alleged in the amended complaint. The amended complaint reads, in pertinent part, "Defendants do business in the State of Mississippi and have sufficient minimum contact with the State of Mississippi. . . ." The amended complaint goes on to allege a factual basis for personal jurisdiction under the tort prong of the long-arm statute.

---

[3] Defendant Brown raises no due process arguments in his motion.
[4] *See also* MISS. CODE ANN. §13-3-63; *Tanksley v. Dodge*, 181 F.2d 925 (5th Cir. 1950) (holding that "the purpose of Mississippi statute [MISS. CODE ANN. §13-3-63] reciting acts of a non-resident which shall be deemed appointment of Secretary of State to be attorney upon which process may be served in action against non-resident growing out of accident in which non-resident may be involved while operating vehicle upon public street in Mississippi, is to subject non-resident users of the highways of Mississippi to jurisdiction of Mississippi courts for trial and possible enforcement of claims for damages asserted by Mississippi citizens.")
[5] Plaintiff achieved personal service of the Complaint on Defendant Brown.

The language of the amended complaint tracks the "shall be deemed to be doing business" language of the long-arm statute. MISS. CODE. ANN. § 13-3-57. In addition, the Plaintiff has alleged a factual basis for personal jurisdiction, and therefore whether personal jurisdiction exists is not actually at issue in this case. For these reasons, the Court is satisfied that it has personal jurisdiction over defendant Brown in this case, and Brown's motion to dismiss for lack of personal jurisdiction is not well taken.

The Defendant's motions for reconsideration [20, 26] are DENIED.

The Defendant's alternative motion for additional time to respond to the Plaintiff's complaint is DENIED.

The Defendant's motion to dismiss for lack of personal jurisdiction [23] is DENIED.

**SO ORDERED this the 20th day of January, 2016.**

/s/  Sharion Aycock
**UNITED STATES DISTRICT JUDGE**